# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-22-APG-VCF |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| DELASHAUN DEAN, | |
| Defendant. | |

This Court finds Delashaun Dean pled guilty to Count One of a One-Count Criminal Information charging him with possession of counterfeit and unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). Criminal Information, ECF No. 20; Change of Plea, ECF No. 18; Plea Agreement, ECF No. 22.

This Court finds Delashaun Dean agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Criminal Information, ECF No. 20; Change of Plea, ECF No. 18; Plea Agreement, ECF No. 22.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information and the offense to which Delashaun Dean pled guilty.

The following property (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(3), or a conspiracy to commit such offense; (2) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1029(a)(3), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such

offense; (3) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1029(a)(3), or a conspiracy to commit such offense; and (4) any personal property used or intended to be used to commit the violations of 18 U.S.C. § 1029(a)(3), and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2); and 21 U.S.C. § 853(p):

1. Any and all fraudulent access devices including, but not limited to, at least the following:
   a. a California Employee Development Department (EDD) debit card with the last four digits of the account number being 5903 issued in the name of J.M.;
   b. an EDD debit card with the last four digits of the account number being 0570 issued in the name of N.H.;
   c. an EDD debit card with the last four digits of the account number being 5800 issued in the name of O.W.;
   d. an EDD debit card with the last four digits of the account number being 9730 issued in the name of A.T.;
   e. an EDD debit card with the last four digits of the account number being 3288 issued in the name of J.W.;
   f. an EDD debit card with the last four digits of the account number being 2975 issued in the name of E.L.;
   g. an EDD debit card with the last four digits of the account number being 5640 issued in the name of J.N.;
   h. an EDD debit card with the last four digits of the account number being 2370 issued in the name of A.M.;
   i. an EDD debit card with the last four digits of the account number being 7045 issued in the name of M.W.;
   j. an EDD debit card with the last four digits of the account number being

3767 issued in the name of H.C.;

k. an EDD debit card with the last four digits of the account number being 2906 issued in the name of J.C.;

l. an EDD debit card with the last four digits of the account number being 8391 issued in the name of D.L.;

m. an EDD debit card with the last four digits of the account number being 8658 issued in the name of G.F.;

n. an EDD debit card with the last four digits of the account number being 0061 issued in the name of H.T.;

o. an EDD debit card with the last four digits of the account number being 2994 issued in the name of N.Y.;

p. a Texas driver's license issued in the name of B.D., but bearing defendant's photo;

q. a Visa debit card with the last four digits of the account number being 6779 issued in the name of B.D.;

r. a Visa debit card with the last four digits of the account number being 1475 issued in the name of B.D.; and

2. one spiral notebook confiscated by the Las Vegas Metropolitan Police Department from Room 3806 of the Cosmopolitan Hotel containing personally identifiable information of many individuals, some of which matched the 15 EDD debit cards recovered.

(all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Delashaun Dean in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2). In the alternative, if the value of the property is less than $1,000, the government may instead serve every person reasonably identified as a potential claimant in lieu of publication pursuant to Fed. R. Crim. P. 32.2(b)(6)(C) with Fed. R. Civ. P. Supp. Rule G(4)(a)(i)(A).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED __February 11__, 2021.

_____
UNITED STATES DISTRICT JUDGE